JAMES W. CHRISTOPHER, Appellant, *v.* THE LANGDON AND GRANGER BREWING COMPANY (LIMITED), Respondent, Impleaded with Others.

*Conversion of property by a wrongful levy and sale — use in its removal of the wagons of the assignor of the claim under which the judgment was recovered.*

A party, whose property is wrongfully levied upon in an action brought by the assignee of a brewing company against a third party and is taken to the brewery premises and subsequently sold, does not establish a cause of action against the brewing company for the illegal conversion of the property merely by proof that the trucks of the brewing company were used for the purpose of removing the property.

APPEAL by the plaintiff, James W. Christopher, from a judgment of the Supreme Court in favor of the defendant, The Langdon and Granger Brewing Company, Limited, entered in the office of the clerk of the county of New York on the 24th day of January, 1898, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

The complaint alleges two causes of action, one for conspiracy and the other for conversion, but the plaintiff elected to try the case only upon the question of conversion. The material allegations of the complaint are, that on May 15, 1893, the plaintiff was the owner

of a liquor business and all personal property and fixtures in the store No. 2337 Second avenue; that on said day the defendants caused to be executed illegal seizures or levies upon said property, and illegally removed and converted the same, and wholly omitted to comply with the statutes in making such seizures; that the plaintiff made a demand for the return of said property, but that the defendants wrongfully sold the same on May 22, 1893. All the defendants except Mullen appeared, but only the Langdon and Granger Brewing Company answered. Their answer is a general denial.

The plaintiff offered evidence tending to show that on October 11, 1892, he and the defendant Mullen entered into written articles of copartnership for the purpose of carrying on the liquor business under the firm name of Mullen & Christopher, and commenced business at No. 2337 Second avenue, where a saloon had theretofore been conducted by one O'Toole. Prior to the formation of the copartnership the defendant company had left on storage at O'Toole's saloon certain stock ale, which remained there unbroached after Mullen & Christopher took the business. Up to some time in November, 1892, the copartnership bought certain malt liquors from the defendant company and fully paid for the same, excepting the sum of thirty dollars, which the plaintiff claims was adjusted by returning some casks of ale. The plaintiff personally purchased all the liquors bought after the formation of the copartnership, and in November, 1892, ceased to deal with the defendant company and bought instead from another brewing concern. About April 20, 1893, the business being unprofitable and the rent unpaid, Mullen told the plaintiff that he was going to abandon the business and that if the plaintiff wanted to he could go on with it alone. The plaintiff asked Mullen how that was to be done and Mullen said, " You can go on and I will just drop out of sight in regard to this store." The liquor license was in Mullen's name, and as a transfer would cost twenty dollars, Mullen advised the plaintiff to let it remain until the license expired, when a new one could be obtained in the plaintiff's name. The plaintiff informed the defendant Mortimer of this arrangement between him and Mullen within a week or two after it was made. Mortimer was an agent or representative of the defendant company.

On May 15, 1893, while the plaintiff was absent, the defendant Scanlon, a city marshal, accompanied by Mortimer and Mullen, came to the store and levied upon the property and license under two executions issued out of the Seventh Judicial District Court upon judgments in actions wherein Mortimer was plaintiff and Mullen & Christopher were named as defendants; and assisted by Mullen and Mortimer the marshal seized and carried away upon the defendant company's trucks the entire stock, including the ale which had remained there on storage, and removed the same to the defendant company's premises. The judgments upon which the executions were issued purport to be rendered upon a claim of the defendant company against the firm of Mullen & Christopher assigned to Mortimer. The processes in the two actions were served only upon the defendant Mullen on May 9, 1893, and were made returnable on May fifteenth, when judgments by default were entered and the levies made. Until the seizure of the property the plaintiff was ignorant of the existence of the claims as well as of the actions to collect them. Upon returning to the store on May fifteenth he found the marshal and Mortimer there, and the marshal in response to his inquiry told him that he had seized the store upon a judgment got against Mr. Mullen by the Langdon & Granger Brewing Company. After the seizure the plaintiff went to the office of the defendant company and demanded the return of his property. Mr. Granger, representing the defendant company, in the course of the ensuing conversation, admitted that the plaintiff did not owe his company anything, but said that they had adopted this course for the purpose of getting their ale out of his store, and promised after hearing the plaintiff's story to return to him the liquor license. On May twenty-second, the property was sold under the levies.

At the close of the plaintiff's case a motion was made to dismiss the complaint, which was granted upon the ground that the plaintiff had not sustained the burden of proving the termination of the partnership; and the plaintiff's motion to go to the jury upon all the issues was denied.

Judgment accordingly was thereafter entered, from which the plaintiff appeals.

*Leonard Bronner*, for the appellant.

*Robert C. Beatty*, for the respondent.

O'BRIEN, J. :

The questions as to whether the property levied upon by the marshal was the individual property of the plaintiff or the joint property of the firm of Mullen & Christopher, and as to whether, at the time the judgments were entered, the plaintiff was indebted to the brewing company and, not having been served, has the right collaterally to attack the judgments, would only be important if the plaintiff had proceeded upon the theory of a conspiracy on the part of all the defendants to ruin his business, or if he were seeking a determination of the sufficiency of the evidence as against the defendants other than the brewing company. The theory of conspiracy, however, was abandoned upon the trial, and there, the other defendants having failed to answer, the single question was presented, as it is again upon this appeal, as to whether there was sufficient evidence adduced from which the jury could legally infer that the brewing company had converted the plaintiff's property. Whether the property in the store belonged to the plaintiff, individually, or was the joint property of the copartners, would be entirely immaterial as to the liability of the brewing company, unless the evidence would justify the inference that the company had converted the property. In other words, the gravamen of the action as against the brewing company was the conversion of the property. The court below dismissed the complaint on the ground that there was not sufficient evidence to prove that the property levied upon, which concededly at one time had belonged to Mullen & Christopher, had, prior to the levies, been transferred and become the individual property of the plaintiff. But, even assuming that the ground of the ruling was incorrect, the dismissal was right if there was no sufficient basis for the inference that the defendant company was guilty of converting the property.

It appears from the testimony of the bartender, who was present at the time of the levy, that the marshal took the property, locked up the place and took away the keys. It is conceded that judgments were obtained and executions issued, and that the subsequent levy and sale of the property were acts of the marshal to whom the executions were delivered. The defendant company was not a party to the actions in which the judgments were obtained or the executions issued, nor was it made to appear that the company in

any way exercised dominion over the property after the levies under such executions, or that they purchased at the sale; all that appears being that Mortimer, to whom the company had assigned its claim and who obtained the judgments, used the trucks of the brewing company for the purpose of removing the property, which was taken to the brewery premises and subsequently sold. These circumstances, standing alone, would not justify the inference that the company had converted the property in the face of evidence that the acts complained of in taking the property and its subsequent sale were the result of a levy made by the marshal under the Mortimer judgments.

Having concluded, therefore, that there was not sufficient evidence of conversion by the brewing company, we deem it unnecessary to discuss the other questions in the case, which could only arise as between the plaintiff and the other defendants, Mortimer and Scanlon, who are not represented upon this appeal. It seems that they appeared but did not answer, and presumably the plaintiff would be entitled to proceed in the orderly way to obtain judgment as against them. Some confusion arises upon the record, however, growing out of the fact that upon the trial Mortimer and the marshal appeared, the former personally and the latter by attorney, and that the judgment dismissing the complaint is in favor of *all the defendants.* The motion to dismiss the complaint upon the trial was made only by the brewing company, and was not made on behalf of all the defendants, and could not have been made as to the defendants who were in default for failure to answer. But the only point argued upon this appeal is as to the propriety of the ruling in favor of the brewing company dismissing the complaint. Whether the evidence was sufficient as against Mortimer and the marshal we have not considered it necessary to determine, because it was not urged nor discussed by the appellant; and we have, therefore, confined our attention to a determination as to whether the judgment, so far as it is in favor of the brewing company, is right. Having reached the conclusion that it is, we think the judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.